# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| APRIL DENISE WILLIAMS,<br>*Plaintiff*,<br>v.<br>USA, et al,<br>*Defendants*. | Civil Action No. 18-14455 (JMV) (MF) |
| APRIL DENISE WILLIAMS,<br>*Plaintiff*,<br>v.<br>FBI NEWARK, et al,<br>*Defendants*. | Civil Action No. 18-14457 (JMV) (MF) |
| APRIL DENISE WILLIAMS,<br>*Plaintiff*,<br>v.<br>STATE OF NEW JERSEY, et al,<br>*Defendants*. | Civil Action No. 18-14458 (JMV) (MF) |
| APRIL DENISE WILLIAMS,<br>*Plaintiff*,<br>v.<br>CORY BOOKER, et al,<br>*Defendants*. | Civil Action No. 18-14459 (JMV) (MF) |
| APRIL DENISE WILLIAMS,<br>*Plaintiff*,<br>v.<br>STATE OF NEW JERSEY, et al,<br>*Defendants*. | Civil Action No. 18-14460 (JMV) (MF)<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff April Denise Williams ("Plaintiff" or "Williams") brings the above-captioned actions[1] *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court **GRANTS** Plaintiff's applications to proceed *in forma pauperis* but **DISMISSES** each Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). All complaints suffer from numerous defects including the basis for the Court's subject matter jurisdiction, constitutional immunity for certain Defendants, and failure to properly plead the substantive claims. The Court also consolidates all five matters under the earliest docket number, Civil Action No. 18-14455.

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that [s]he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff applied to proceed *in forma pauperis* in each of her five actions. First Action D.E. 1-1; Second Action D.E. 1-2; Third Action D.E. 1-1; Fourth Action D.E. 1-1; Fifth Action D.E. 1-3. In each application, Plaintiff asserted that she has had no income for at least the past twelve months, that she has no assets, and that she is currently searching for work. *Id.* Therefore, Plaintiff sufficiently establishes her inability to pay, and the Court **GRANTS** her five applications to proceed *in forma pauperis* without prepayment of fees and costs.

---

[1] *Williams v. USA*, 18-14455, will be referred to as the "First Action," initiated by Plaintiff's "First Complaint" (First Action D.E. 1); *Williams v. FBI Newark*, 18-14457, will be referred to as the "Second Action," initiated by Plaintiff's "Second Complaint" (Second Action D.E. 1); *Williams v. New Jersey*, 18-14458, will be referred to as the "Third Action," initiated by Plaintiff's "Third Complaint" (Third Action D.E. 1); *Williams v. Booker*, 18-14459, will be referred to as the "Fourth Action," initiated by Plaintiff's "Fourth Complaint" (Fourth Action D.E. 1); *Williams v. New Jersey*, 18-14460, will be referred to as the "Fifth Action," initiated by Plaintiff's "Fifth Complaint" (Fifth Action D.E. 1) (collectively the "Complaints").

However, when allowing a plaintiff to proceed *in forma pauperis*, the Court still must review the complaints and dismiss the actions if it determines that the actions are frivolous, malicious, fail to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

Before turning to the substantive review of each Complaint, the Court first notes that each Complaint indicates that the basis for the Court's jurisdiction is that the "U.S. Government" is the "Plaintiff." Obviously, this is not the case as Ms. Williams does not represent the federal government and appears to be suing in her capacity as a private citizen. Nevertheless, because Ms. Williams is proceeding *pro se* and the Court is to interpret her pleading liberally, the Court interprets her actions as seeking relief pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). A § 1983 claim "allege[s] a violation of a right

secured by the Constitution or laws of the United States committed by a person acting under color of *state* law," such as state officials. *Mikhaeil v. Santos*, 646 F. App'x 158, 161-62 (3d Cir. 2016) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)) (emphasis added). In *Bivens*, the Supreme Court similarly recognized that "an implied private action for damages against *federal* officers alleged to have violated a citizen's constitutional rights" exists (and is now commonly referred to as a "*Bivens* action"). *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (citing *Bivens*, 403 U.S. at 397) (emphasis added). Hence, a Bivens action is essentially a "federal analog" to suits brought against state officials under § 1983. *Ashcroft*, 556 U.S. at 675 (2009).

There is, however, another difference between a § 1983 claim and a Bivens action: § 1983 covers a broader range of constitutional violations. *Id.* at 676. A § 1983 claim protects against "the deprivation of *any* rights, privileges, or immunities secured by the Constitution[.]" 42 U.S.C. § 1983 (emphasis added). In contrast, the Supreme Court has only approved a *Bivens* action in three contexts: (1) a violation of Fourth Amendment search and seizure protections, *Bivens*, 403 U.S. at 397; (2) a violation of Fifth Amendment due process protections (against gender discrimination), *Davis v. Passman*, 442 U.S. 228, 248-49 (1979); and (3) a violation of Eighth Amendment protections against cruel and unusual punishment (in not providing a prisoner adequate medical treatment), *Carlson v. Green,* 446 U.S. 14, 19 (1980). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017). Outside of these three instances, "the Court has made clear that expanding the *Bivens* remedy is now a disfavored judicial activity." *Id.* at 1857 (internal quotations omitted). Therefore, *Bivens* actions have a much narrower scope than § 1983 claims. *Id.* Nonetheless, in so construing

4

Plaintiff's Complaints to be asserting *Bivens* actions and § 1983 claims, the Court has subject matter jurisdiction over the matters pursuant to 28 U.S.C. § 1331, given these federal questions.

Plaintiff's Complaints also implicate Eleventh Amendment sovereign immunity. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Courts have interpreted the Eleventh Amendment as affirming "the fundamental principle of sovereign immunity" as a limit on a federal court's authority. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984).

Accordingly, the Supreme Court has held that the Eleventh Amendment bars all private suits against non-consenting States in federal court. *Lombardo v. Pennsylvania, Dep't of Pub. Welfare*, 540 F.3d 190, 194 (3d Cir. 2008) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)); see *Pennhurst*, 465 U.S. at 101. The bar extends to state employees acting in their official capacities. *See Pennhurst*, 465 U.S. at 101. Eleventh Amendment immunity, however, does not extend to counties and municipalities. *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). Due to Eleventh Amendment protections, neither a State nor its officials acting in their official capacities are "persons" under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, State of New Jersey is **DISMISSED** with prejudice. Governor Chris Christie and Governor Phil Murphy are also **DISMISSED** with prejudice in their official capacities. If Plaintiff files an Amended Complaint, claims against Governors Christie and Murphy may only be brought in their individual capacities.

Similar to Eleventh Amendment state sovereign immunity, "[a]n action against [federal] officials in their official capacities constitutes an action against the United States and *Bivens* claims

5

against the United States are barred by sovereign immunity, absent an explicit waiver." *Webb v. Desan*, 250 F. App'x 468, 471 (3d Cir. 2007) (citing *Corr. Servs.*, 534 U.S. at 72). Additionally, a "cause of action under *Bivens* may not lie against a Federal agency[.]" *Biase v. Kaplan*, 852 F. Supp. 268, 292 (D.N.J. 1994) (citing *F.D.I.C. v. Meyer*, 50 U.S. 471, 485-86 (1994)). Therefore, the United States of America is **DISMISSED** with prejudice. Both offices of the Federal Bureau of Investigation in Newark and in California are **DISMISSED** with prejudice. President Barack Obama, President Donald Trump, and Senator Cory Booker, in their official capacities, are also **DISMISSED** with prejudice. If Plaintiff files an Amended Complaint, claims against these three individuals may only be brought in their individual capacities.

There is also an infirmity in each action which would require dismissal of all matters. "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 676 (emphasis added). Here, Ms. Williams fails to plausibly indicate the alleged wrongdoing of any of the named Defendants. In addition to sufficiently pleading facts establishing a violation of law, which is discussed below, Ms. Williams must also set forth sufficient facts demonstrating that *each* named Defendant is liable for such violations. While Ms. Williams names numerous Defendants in each action, she fails to allege what *each* wrongfully did. Without sufficient allegations as to *each* Defendant, the Court must dismiss each action.

First Complaint

Plaintiff brings her First Complaint against "USA, State of New Jersey, Phil Murphy, Chris Christie, Pres. Obama, Ras Baraka, Cory Booker, Pres. Trump, FBI Newark, [and] FBI California" (collectively the "First Action Defendants"), alleging a violation of "constitutional [and] human

rights." First Compl. The basis for Plaintiff's claim is an alleged "series of discriminatory instances" where leasing representatives leased apartments to certain individuals "with money" over her. *Id.* Plaintiff claims that she therefore has been "coerced" into looking for apartments only "where the color of [her] skin is more appropriate." *Id.* Plaintiff asserts that "[t]he stress and anxiety of not living the life style of [her] choice has been very stressful." *Id.*

Even construed liberally, the Court cannot ascertain any clear alleged federal cause of action. If Plaintiff is attempting to assert a Fourteenth Amendment equal protection claim via 28 U.S.C. § 1983 against a publicly employed individual leasing representative, she would need to plausibly allege that (1) she is a member of a suspect class, and (2) the leasing representative treated similarly-situated individuals differently than Plaintiff because of Plaintiff's membership to such suspect class. *Oliveira v. Twp. of Irvington*, 41 F. App'x 555, 559 (3d Cir. 2002). "[R]elative poverty or wealth alone do not constitute 'suspect classes' for purposes of the Equal Protection Clause." *Husain v. Casino Control Comm'n*, 265 F. App'x 130, 134 (3d Cir. 2008). In contrast, race is a suspect class and gender is a quasi-suspect class—both deserving of protection under the Equal Protection Clause. *Hassan v. City of New York*, 804 F.3d 277, 298 (3d Cir. 2015). Therefore, Plaintiff would need to adequately plead that a particular government employee treated her differently on the basis of race or gender.

Here, Plaintiff does not properly plead a Fourteenth Amendment equal protection claim via 28 U.S.C. § 1983 against any of the First Action Defendants. First, she does not identify the leasing representatives as government employees. Second, Plaintiff does not state whether she is a member of a protected class. Third, it appears from Plaintiff's pleadings that the leasing agents decided against renting to Plaintiff not because of her race, but instead because of her lack of income or assets, choosing renters "with money" over her. First Compl. This differential treatment

is not actionable under the equal protection clause. Therefore, Plaintiff does not plausibly plead an equal protection claim.

Plaintiff also does not properly plead a Fifth Amendment *Bivens* action. The Supreme Court has authorized *Bivens* actions for violations of the Fifth Amendment due process clause, which "forbids the Federal Government to deny equal protection of the laws." *Davis*, 442 U.S. at 234. "Equal protection analysis in the Fifth Amendment area is the same as that under the Fourteenth Amendment." *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 201 (1995). Plaintiff fails to plausibly plead a Fifth Amendment equal protection *Bivens* action for the same reasons that Plaintiff fails to plead a Fourteenth Amendment equal protection § 1983 claim (above).

Plaintiff also has not properly plead a Fourteenth Amendment equal protection claim against any municipal agency. This type of claim, commonly referred to as a "*Monell* liability" claim, based on *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978), requires a plaintiff to show that a municipal agency itself practices a discriminatory "policy or custom" that inflicts plaintiff's injury. A plaintiff shows that an official "policy" existed when a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action" issues an official proclamation, policy, or edict. *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990). On the other hand, custom is established by "showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* Here, Plaintiff has not met the requirements for pleading *Monell* liability. Plaintiff does not make sufficient factual allegations indicating a discriminatory official policy or established custom by any municipality. Plaintiff only vaguely alleges that she has "experience[d] a series of discrimination instances." First Compl. Plaintiff would need to a plead significantly more facts as to *Monell* liability.

Plaintiff also not sufficiently set forth a Fair Housing Act claim. The Fair Housing Act makes it unlawful to "discriminate against any person in the . . . rental of a dwelling . . . because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604. Again, here Plaintiff states that she has been "coerced" into looking for apartments only "where the color of [her] skin is more appropriate" but fails to allege any discriminatory event in particular that supports this. Instead, Plaintiff cites to instances where leasing agencies rented apartments to people who had more financial stability. Such does not support a Fair Housing Act claim. For these reasons, Plaintiff's First Complaint is **DISMISSED** without prejudice.

Second Complaint

Plaintiff brings her Second Complaint against "Federal Bureau of Investigation (Newark), USA Government, FBI California, Ras Baraka, Barak [sic] Obama, Donald Trump, Phil Murphy, State of New Jersey, Chris Christie, Cory Booker, [and] NYPD" (collectively the "Second Action Defendants"). Second Compl. Plaintiff alleges that "[a]ll of [her] religious rights ha[ve] been taken from [her]. Business destroyed, loss of life savings, lost employment. Taken from apartment illegally." *Id.* Plaintiff identifies "a mixture of community, family, USA government officials, USA law officials, etc" as the perpetrators of these alleged crimes. *Id.*

Even under the most liberal construction, the Court fails to ascertain any federal cause of action raised by this Complaint. For a First Amendment free exercise of religion claim, Plaintiff must show that a state enacted a law that prohibited the free exercise of her religion. *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993). Here, Plaintiff simply states that "[a]ll of [her] religious rights ha[ve] been taken from [her]," but does not plausibly indicate how this was done or who did this to her. Therefore, Plaintiff has not sufficiently plead a free exercise claim.

Plaintiff also does not plausibly allege an unconstitutional government taking. "The Fifth Amendment forbids the taking of private property . . . for public use without just compensation." *United States v. Bodcaw Co.*, 440 U.S. 202, 203 (1979). Here, Plaintiff states that she was "[t]aken from apartment illegally." Second Compl. She does not indicate whether the government took her land from her or if she was evicted. Again, she fails to provide sufficient factual allegations for this claim to survive. For these reasons, Plaintiff's Second Complaint is **DISMISSED** without prejudice.

Third Complaint

Plaintiff brings her Third Complaint against "State of New Jersey, Ras Baraka, Phil Murphy, Chris Christie, Pres. Obama, Cory Booker, Pres. Trump, USA, FBI Newark, [and] FBI California" ("Third Action Defendants"), alleging a "civil human right [d]eprivation" whereby her "right to vote was taken from [her]." Third Compl. "It is, of course, well established that the Constitution protects the right to vote in federal or state elections without impairment on the basis of race or color . . . or on the basis of any other invidious classification[.]" *O'Brien v. Brown*, 409 U.S. 1, 14 (1972). Here, although Plaintiff alleges that her "right to vote was taken from [her]," she does not adequately support her contention with plausible factual allegations. Plaintiff's Third Complaint is **DISMISSED** without prejudice

Fourth Complaint

Plaintiff brings her Fourth Complaint against "Cory Booker, Ras Baraka, State of New Jersey, Gov. Chris Christie, Gov. Phil Murphy, President Obama, President Trump, FBI Newark, [and] FBI California" ("Fourth Action Defendants"), alleging that "while in school [she] was taken from place [of] residen[ce] and comfort . . . by kidnapping," depriving Plaintiff of her "right to

learn and educate [her]self." Fourth Compl. Construed liberally, Plaintiff appears to be making a claim of unlawful seizure in violation of the Fourth Amendment.

An unlawful seizure of a person can take the form of a false arrest or a false imprisonment, which are very similar and are often considered together. To state a claim for false arrest under the Fourth Amendment or New Jersey law, a plaintiff must establish (1) that there was an arrest; and (2) that the arrest was made without probable cause. *See James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (describing false arrest under the Fourth Amendment); *Schirmer v. Penkethman*, No. CIV. 10-1444, 2012 WL 6738757, at *8 (D.N.J. Dec. 31, 2012) (citations omitted) (describing false arrest under New Jersey law), *aff'd*, 553 F. App'x 268 (3d Cir. 2014). "The proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Id.* (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir.1988)); *Nanton v. Mecka*, No. 2:11-CV-6132, 2013 WL 1844756, at *6 (D.N.J. Apr. 30, 2013) ("The validity of an arrest does not depend on the ultimate finding of guilt or innocence following an arrest.").

In addition, "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman*, 47 F.3d at 636 (citations omitted); *see Reedy v. Twp. of Cranberry*, No. 2:06-CV-1080, 2007 WL 2318084, at *3 (W.D. Pa. Aug. 9, 2007) ("The basis for false arrest is the arrest itself, whereas the basis for false imprisonment is the detention that follows the false arrest."). *O'Connor v. City of Philadelphia*, 233 F. App'x 161, 164 (3d Cir. 2007) (citing *Dowling*, 855 F.2d at 141). Under New Jersey law, "[t]he tort of false imprisonment has two elements: (1) an arrest or detention of the person against his or her will and (2) lack of proper legal authority or legal justification." *Leang*

*v. Jersey City Bd. of Educ.*, 198 N.J. 557, 591 (N.J. 2009) (quotations omitted). In other words, in New Jersey, "[f]alse imprisonment is the constraint of the person without legal justification." *Id*.

The Court notes that a violation of Fourth Amendment search and seizure protections is actionable under *Bivens*, 403 U.S. at 397. Therefore, any claim that Plaintiff brings for false arrest or false imprisonment under the Fourth Amendment against state officials via § 1983, could also be brought against federal officials via a *Bivens* action (assuming federal officials were also independently responsible for the violation). *Id*. Yet, Plaintiff once again fails to provide adequate factual support for her claim. Therefore, Plaintiff's Fourth Complaint is **DISMISSED** without prejudice.

Fifth Complaint

Plaintiff brings her Fifth Complaint against "State of New Jersey, Governor Chris Christie, Senator Cory Booker, President Barak [sic] Obama, Mayor Ras Barakah, USA, President Donald Trump, FBI Newark, FBI California, [and] Phil Murphy" ("Fifth Action Defendants"), alleging a violation of "every human civil constitution[al] right." Fifth Compl. Plaintiff alleges that she "was tortured and tormented from wireless technology weaponry" that "started in May 2012 from taping of [her] cell phone." Fifth Compl. Ex. A. She alleges a government "conspiracy" resulting in "wireless technology damaging [her] physical body," "slander[,] and defamation of character." *Id*.

Plaintiff does not plausibly plead a defamation claim under New Jersey law. "A prima facie case of defamation requires a plaintiff to establish the following: In addition to damages, the elements of a defamation claim are: (1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher." *Somerset Dev., LLC v. Cleaner Lakewood,*

No. A-2819-10T3, 2012 WL 4370271, at *3 (N.J. Super. Ct. App. Div. Sept. 26, 2012) (citing *DeAngelis v. Hill*, 180 N.J. 1, 12-13 (2004)) (internal quotations omitted). Here, Plaintiff has not plausibly alleged any such defamation claim. Further, as to wireless technology damaging her physically, Plaintiff seems to be asserting some form of tort claim, but the Court cannot construe precisely what Plaintiff is alleging. Plaintiff's Fifth Complaint is **DISMISSED** without prejudice.

**Leave to Amend**

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are futile primarily because the Court cannot determine what the claims are. Therefore, the Court shall provide Plaintiff thirty (30) days to file an amended complaint[2] that cures the deficiencies set forth herein.

**Consolidation**

The Court has the power to consolidate multiple actions brought by the same plaintiff. Fed. R. Civ. P. 42(a)(2). Rule 42(a)(2) states, "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." The Third Circuit recognizes that this rule "confers upon a district court broad power, whether at the request of a party or upon its own

---

[2] If Plaintiff does file an amended complaint that the Court finds sufficient, Defendants are not precluded from filing a motion to dismiss pursuant to Rule 12(b)(6). The Court's role at this stage is to perform a screening function. The Court's ruling does not prejudice Defendants from litigating the matter as they see fit.

13

initiative, to consolidate causes for trial as may facilitate the administration of justice." *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964). "[I]f [the district court] finds no disadvantages outweighing the obvious advantages of consolidation . . ., the court should cause this proceeding to be consolidated with the [other] action for trial." *Id.*

Here, Plaintiff sues essentially the same Defendants in all five Complaints. Plaintiff seems to simply assert different counts against the same Defendants in different Complaints. As a result, the Court will consolidate all five actions into the first docket number, 18-14455, and dismiss the other four actions.

**Conclusion**

For the reasons stated above, all actions against the State of New Jersey, and Governor Chris Christie and Governor Phil Murphy in their official capacities, are dismissed with prejudice. Similarly, all actions against the United States of America, the Federal Bureau of Investigation Offices in Newark and California, and President Barack Obama and President Donald Trump in their official capacities, are dismissed with prejudice. The remainder of the actions are dismissed without prejudice. In addition, all five actions are consolidated under the first docket number, Civil Action No. 18-14455.

Plaintiff has thirty (30) days to submit an amended complaint, in Civil Action No. 18-14455, curing the deficiencies noted herein. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against Defendants concerning the allegations in the Complaint. An appropriate Order for each of the actions accompanies this Opinion.

Dated: October 10, 2018

John Michael Vazquez, U.S.D.J.